DORA F. WELTI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108522. Promulgated April 13, 1943.

*Thomas H. Matters, Jr., Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, for the respondent.

#### OPINION.

ARNOLD, *Judge:* Respondent determined a deficiency in petitioner's income tax for the year 1938 in the amount of $1,062.81, resulting from several adjustments in petitioner's return for such year. The contested adjustment results from the disallowance by respondent

of a deduction in the amount of $2,342.19 which petitioner had claimed on her 1938 income tax return because of a contribution in that amount which she had made to the First Church of Christ, Scientist, Berne (Switzerland).

The case was submitted upon a stipulation of facts, with attached exhibits numbered 1 through 5. The facts are found as stipulated and only those are stated hereinafter which have a direct bearing upon the issue to be decided.

During the calendar year 1938 petitioner was a citizen of Switzerland, residing in Boston, Massachusetts. Her Federal income tax return for 1938 was filed with the collector of internal revenue, Boston, Massachusetts. In that return petitioner claimed as a deduction under section 23 (o) of the Revenue Act of 1938 the amount of $2,342.19, being a contribution paid by her to the First Church of Christ, Scientist, Berne (Switzerland), of which she was a member. The First Church of Christ, Scientist, Berne (Switzerland), is a corporation organized under the laws of Switzerland. The contribution of $2,342.19 was paid out of funds on deposit in a Swiss bank, such funds having been derived from sources outside the United States. Petitioner is also a member of The First Church of Christ, Scientist, in Boston, Massachusetts, hereinafter referred to as The Mother Church, a corporation organized under the laws of Massachusetts. The First Church of Christ, Scientist, Berne (Switzerland), is a branch of The Mother Church.

The issue in this case is whether petitioner's contribution to the First Church of Christ, Scientist, Berne (Switzerland), is deductible under section 23 (o) of the Revenue Act of 1938.

The theory of petitioner's case is that her contribution to the First Church of Christ, Scientist, in Berne was in effect a contribution to The Mother Church. Petitioner contends that, although the branches of the Christian Science Church are separately incorporated, they constitute a single integrated religious organization and that the separate incorporation of the branches does not render them independent of The Mother Church. It is argued that the separate incorporation of the branch to which the contribution was made should be disregarded and that the contribution should be considered as having been made to the Christian Science Church generally, whose mother church is located in Boston, Massachusetts. The only case cited in petitioner's brief is *Chicago Stockyards Co.* v. *Commissioner* (C. C. A., 1st Cir., 1942), 129 Fed. (2d) 937, which is cited in support of the proposition that related organizations, although separately incorporated, must be treated as a unit.

Petitioner argues that the contribution, although obviously promoting the welfare of a Swiss organization, also is of financial benefit to a religious organization within the United States; that, although

allowance of the deduction would result in a loss of revenue, the United States nevertheless receives a direct or indirect benefit therefrom; and that in any event the United States acquired jurisdiction over petitioner's income only by reason of the fortuitous circumstance that petitioner chose to reside in the United States as a resident alien.

Petitioner refers to the report of the Ways and Means Committee of the House of Representatives relating to section 23 (o) of the bill which later became section 23 (o) of the Revenue Act of 1938 in support of the general proposition that the result contended for is in accord with the Congressional intent in enacting section 23 (o). Under prior revenue laws no distinction was made between contributions by individuals to either domestic or foreign religious organizations. It is argued that the Revenue Act of 1938, by limiting credit for contributions to those made to *domestic*, as distinguished from *foreign*, institutions of the type specified in section 23 (o) created an exception to a general rule, which exception, under established rules of statutory interpretation, must be strictly construed.

Respondent refers to the well established principle that deductions under taxing statutes are a matter of legislative grace and that, unless one who claims the benefit of such a deduction comes squarely within the statutory language, such deduction must be denied, citing *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435 (1934). He points out that under section 23 (o) of the Revenue Act of 1938 the contribution must be to a domestic institution of the type therein specified; that the institution to which the contribution in controversy was made is a foreign corporation; that the contribution in question, no matter how meritorious, does not come within the statutory language; and that denial of the credit is in accord with the Congressional purpose of limiting such credit to contributions made to domestic institutions only.

As both parties contend that the conflicting results which they seek to attain are in accord with the intent of the Congress in enacting section 23 (o) of the Revenue Act of 1938, consideration must be given to that intent as it may be gathered from the statutory language and from other evidence of such intent.

Section 23 of the Revenue Act of 1938 provides, in part, as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of:

\* \* \* \* \* \* \*

(2) a domestic corporation, \* \* \* organized and operated exclusively for religious \* \* \* purposes, \* \* \* no part of the net earnings of which

inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation;

\* \* \* \* \* \* \* \*

to an amount which \* \* \* does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. \* \* \*

In the report of the House Ways and Means Committee relating to section 23 (o), H. Rept. No. 1860, 75th Cong., 3d sess. (1938), pp. 19, 20, the following statement appears:

Under the 1936 Act the deduction of charitable contributions by corporations is limited to contributions made to domestic institutions (sec. 23 (q)). The bill provides that the deduction allowed to taxpayers other than corporations be also restricted to contributions made to domestic institutions. The exemption from taxation of money or property devoted to charitable and other purposes is based upon the theory that the Government is compensated for the loss of revenue by its relief from financial burden which would otherwise have to be met by appropriations from public funds, and by the benefits resulting from the promotion of the general welfare. *The United States derives no such benefit from gifts to foreign institutions, and the proposed limitation is consistent with the above theory.* If the recipient, however, is a domestic organization the fact that some portion of its funds is used in other countries for charitable and other purposes (such as missionary and educational purposes) will not affect the deductibility of the gift. [Emphasis supplied.]

Also to be considered is section 901 (a) (4) of the Revenue Act of 1938, which provides that when used in that act:

The term "domestic" when applied to a corporation or partnership means created or organized in the United States or under the law of the United States or of any State or Territory.

We can not find within the statutory language or in the committee report any room for argument that the plain provisions of the statute mean other than what they clearly say. The Congress meant, and provided, that in order to be deductible under section 23 (o) a contribution must be to a domestic and not to a foreign institution. Petitioner refers to a rule of statutory interpretation that exceptions to general rules must be strictly construed, but even if such rule were in fact applicable to the present situation, it would not be controlling, as such rule affords no basis for departure from the clear and unambiguous statutory language.

Applying the rule of interpretation referred to by the petitioner, that exceptions to general rules must be strictly construed, to the facts here, we find that the result is the same as that which is attained by applying the rule for which respondent cited *New Colonial Ice Co.* v. *Helvering, supra.* Such rule is that deductions are a matter of

legislative grace and one claiming the benefits thereof must come squarely within the statutory language granting such deductions. *Keystone Automobile Club Casualty Co.*, 40 B. T. A. 291, supplemental opinion, 42 B. T. A. 356; affd. (C. C. A., 3d Cir., 1941), 122 Fed. (2d) 886; *Retailers Credit Association of Alameda County*, 33 B. T. A. 1166; affd. (C. C. A., 9th Cir., 1937), 90 Fed. (2d) 47; *Farmers Union Cooperative Co., Guide Rock, Nebraska*, 33 B. T. A. 225; affd. (C. C. A., 8th Cir., 1937), 90 Fed. (2d) 488; *Farmers Mutual Cooperative Creamery*, 33 B. T. A. 117; *Jockey Club*, 30 B. T. A. 670; affd. (C. C. A., 2d Cir., 1935), 76 Fed. (2d) 597; *Fort Worth Grain & Cotton Exchange*, 27 B. T. A. 983; *Northwestern Jobbers Credit Bureau*, 14 B. T. A. 362. It may be true that a somewhat more liberal rule may be applied with respect to the provisions of revenue laws conferring benefits upon charitable, religious, educational, and similar institutions, because of the public policy which would foster institutions of this nature (*Helvering* v. *Bliss*, 293 U. S. 144, 150 (1934); *Young Men's Christian Association Retirement Fund, Inc.*, 18 B. T. A. 139, 146), but any such rule of liberal construction must nevertheless be confined to the framework of the statutory language. No matter how meritorious, the deduction can not be allowed upon equitable grounds if it is contrary to the clear meaning and intent of the statutory provision upon which it is sought to rely.

Petitioner, in the face of the language of the statute and of undoubted rules governing its construction and application, presses upon us considerations of the policy to foster educational, charitable, and religious organizations which the Congress is supposed to have had in mind in enacting section 23 (o) of the Revenue Act of 1938. She asks that we construe such section to mean other than it provides; that we extend it to embrace an institution which neither a literal nor a liberal construction of its language will embrace. This we can not do.

The other line of argument pursued by petitioner calls for a finding that the contribution, although made to the First Church of Christ, Scientist, Berne (Switzerland), a corporation organized under the laws of Switzerland, was in fact made to The Mother Church, a corporation organized under Massachusetts law. To do so would require a disregard of the separate existences of the Swiss branch and The Mother Church as legal entities and for a fusion of the two into one organization, a domestic corporation, for the purposes of section 23 (o).

Several exhibits were submitted to show the relationship of the Swiss branch to The Mother Church, and these have been examined to ascertain the scope of such relationship. Of the five exhibits which were submitted, Exhibit No. 1, "Manual of The Mother Church, The

First Church of Christ, Scientist, in Boston, Massachusetts," Eighty-ninth Edition, By Mary Baker Eddy, and Exhibit No. 2, "By-Laws, First Church of Christ, Scientist, Berne," both of which are in English and German, are the only ones which are directly in point. From an examination of these exhibits it is apparent that the Swiss branch depends in a large measure upon The Mother Church for its spiritual guidance in the tenets of the Christian Science religion. There is, no doubt, close cooperation between the branch and The Mother Church in order to further the teachings of Christian Science, but such cooperation is not permitted to reach the point at which the individuality of either the branch or The Mother Church would be threatened. Such individuality is protected by article XXIII, section 1 of the bylaws of The Mother Church, which is as follows:

The Mother Church of Christ, Scientist, shall assume no general official control of other churches, and it shall be controlled by none other.

Each Church of Christ, Scientist, shall have its own form of government. No conference of churches shall be held, unless it be when our churches, located in the same State, convene to confer on a statute of said State, or to confer harmoniously on individual unity and action of the churches in said State.

This clearly negatives the argument that The Mother Church and the Berne branch are inseparable.

The same impression is to be gathered from a reading of numerous other provisions of the church manual. Thus, throughout the bylaws of The Mother Church and of the Berne branch distinctions are drawn between membership in The Mother Church and in a branch. One may be simultaneously a member of The Mother Church and of not more than one branch, a member of a branch but not of The Mother Church, or a member of The Mother Church but of no branch. Membership in one does not automatically carry with it membership in the other. Perhaps more important, the First Church of Christ, Scientist, Berne (Switzerland), appears to be financially independent of The Mother Church.

We must conclude, in the light of the uncontroverted facts, that the First Church of Christ, Scientist, Berne (Switzerland), is a juristic person, having a legal existence independent from that of The Mother Church. Under our view of the facts, it is not considered that *Chicago Stockyards Co.* v. *Commissioner, supra*, cited by petitioner, is in point.

We hold that petitioner's contribution of $2,342.19 to the First Church of Christ, Scientist, Berne (Switzerland), is not deductible under section 23 (o) of the Revenue Act of 1938.

*Decision will be entered for the respondent.*