Respondent determined a deficiency of $393.20 in petitioners’ income tax for the taxable year 1953. There is only one question at issue: Whether amounts contributed by petitioners to certain organizations in Burma are deductible for income tax purposes. A second question concerning the taxability of funds received by petitioner Muzaffer ErSelcuk pursuant to a United States educational exchange grant was not properly pleaded and is not in issue. An issue concerning a dependency credit was conceded by the respondent at the trial. FINDINGS OF FACT. Some of the facts are stipulated and are so found, the stipulation being incorporated herein by this reference. Petitioners are husband and wife. Their principal place of residence is Lafayette, Indiana. Petitioners’ 1953 joint Federal income tax return was timely filed and was processed by the district director of internal revenue, Baltimore, Maryland. This return was filed by petitioners while they were in Mandalay, Burma. Subsequently, on September 15, 1954, petitioners filed a second Form 1040 with the district director of internal revenue at Indianapolis, Indiana. Muzaffer ErSelcuk will hereinafter be referred to as petitioner. In December 1952 petitioner, a member of the faculty of Purdue University, received a United States educational exchange grant, authorized under the Fulbright Act, for work to be accomplished in Burma. Petitioner was to be paid only in Burmese currency.' If he went to Burma alone he was to receive the equivalent of $4,418.40; if his wife accompanied him he was to receive the equivalent of $5,374.40. On the basis of strong urging from the president of Purdue University and the dean of the Science School, who indicated that the fellowship would aid petitioner’s professional and academic career and the fact that'the State Department found a job for his wife in Mandalay, petitioner accepted the award. Petitioner was in Mandalay 6 months of the taxable year 1953. During that time he taught 6 to 8 hours per week as visiting lecturer in economics at University College of Mandalay. The remainder of his time was devoted to research. It was part of petitioner’s job in Burma to act as an emissary of the United States and to sell “the American way of life.” In order to be on the same level with the Burmese he lived in a bamboo hut as they did, even though his funds would have allowed him to have better accommodations. On their original joint income tax return for 1953 petitioner and his wife, Rolande ErSelcuk, claimed deductions for contributions, including the following: Religious organizations in Burma_ $149. 50 Orphanages and charity hospitals in Burma_ 140. 00 University College of Mandalay in Burma__ 700.00 Various contributions in Burma_ 27. 50 [1]1, 017.00 Respondent disallowed these deductions and determined the deficiency here in issue. OPINION. Van Fossan, Judge: The only question in issue is whether amounts contributed by petitioner to certain organizations in Burma are deductible as charitable contributions, or as contributions to or for the use of the United States, or as business expenses incurred by petitioner in carrying on his employment. Respondent asserts that these contributions are not deductible as “charitable or other contributions” under section 23 (o) (2) of the Internal Revenue Code of 1939 since they were made to foreign corporations or organizations located in Burma and not to domestic institutions or institutions in any possession of the United States. We agree. Section 23 (o) of the Internal Revenue Code of 1939 provides, inter alia, as follows: SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: ******* (o) Charitable and Other Contributions. — In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of: (1) The United States, any State, Territory, or any political subdivision thereof or the District of Columbia, or any possession of the United States, for exclusively public purposes; (2) A corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of' cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. * * * The report of the House Ways and Means Committee relating to section 23 (o), H. Kept. No. 1860, 75th Cong., 3d Sess., pp. 19, 20 (1939-1 C. B. (Part 2) 728,742), contains the following statement: Under the 1936 Act the deduction of charitable contributions by corporations-is limited to contributions made to domestic institutions (section 23 (q)). The bill provides that the deduction allowed to taxpayers other than corporations be also restricted to contributions made to domestic institutions. The exemption from taxation of money or property devoted to charitable and other purposes is based upon the theory that the Government is compensated for the loss of revenue by its relief from financial burden which would otherwise have to be met by appropriations from pubic funds, and by the benefits resulting from the promotion of the general welfare. The United States derives no such benefit from gifts to foreign institutions, and the proposed limitation is consistent with the above theory. If the recipient, however, is a domestic organization the fact that some portion of its funds is used in other countries for charitable and other purposes (such as missionary and educational purposes) will not affect the deductibility of the gift. Although the contributions here at issue undoubtedly were made to worthy causes, the intent of Congress is clear that for contributions to charitable and other indicated organizations to be deductible the donee must' be organized in the United States or in a possession thereof, or under the law of the United States, or a State, territory, or possession. Dora F. Welti, 1 T. C. 905 (1943). Since petitioner has not shown that the organizations to which the contributions in issue were made come within the above classification, no deduction under section 23 (o) (2) is allowable. Petitioner’s alternate contentions, that the contributions to the University College of Mandalay are deductible as gifts or contributions to or for the use of the United States under section 23 (o) (1), or donations essential for the performance of his duties, are also without merit. The words “for the use of” employed in section 23 (o) (1) have been held to convey a meaning similar to that of “in trust for.” John Danz, 18 T. C. 454, 464 (1952), affd. 231 F. 2d 673 (C. A. 9, 1955), certiorari denied 352 U. S. 828. Conceivably the contributions here at issue may ultimately benefit the Government and people of the United States in some intangible way by helping to spread the ideals of Western democracy in the land of Burma; however, they were not made to or “in trust for” the United States or any political subdivision thereof. They are, therefore, not deductible under section 23 (o) (1). . Treasury Regulations 118, section 39.23 (o)-l (e), provide as follows: Sec. 39.23 (o)-l Contributions or gifts by individuals. (e) A donation made by an individual to an organization other than one referred to in section 23 (o) which bears a direct relationship to his business and is made with a reasonable expectation of a financial return commensurate with the amount of the donation may constitute an allowable deduction as business expense. Here there is no evidence that petitioner stood to gain in any way from his gifts to the University College of Mandalay. They, therefore, cannot be classed as business expenses. On his amended return for the year 1953 petitioner reported as income the funds received under his educational grant, less deductions for certain travel, food, and lodging expenses. At the trial he questioned, for the first time, the accuracy of including these funds in gross income. This question was not raised in the notice of deficiency, the petition, or the answer, and no motion was made so to amend the petition. The question is, therefore, not before this Court. Mutual Dumber Co., 16 T. C. 370 (1951). Decisionwill be enter edumder Bule 50. On their amended joint income tax return for 1963 petitioner and Rolande ErSelcuk claimed deductions for contributions as follows: Tuberculosis, heart, community, Red Cross, etc__ $89. 00 Kutkai Baptist Mission Church_ 40. 00- Father LeFons and Tiokeok Orphanages_ 100. 00 Namkhan Charity Hospital_ 40. 00 Mandalay State Teachers College and Kalemyo Schools_ 27-. 50 United States Educational Foundation in Burma_ 48.10 University College of Mandalay_ 700. 00 1,154.10 [sic]