THE HOMER LAUGHLIN CHINA COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5364.    Promulgated December 12, 1946.

*M. L. Aaron* (an officer), for the petitioner.
*Jacquin Bierman, Esq.*, for the respondent.

OPINION.

Disney, *Judge*: Is the petitioner, in the light of the facts above found, entitled to relief under section 722 (a), (b) (5) of the Internal Revenue Code,[1] as contended?  Briefly stated, the petitioner's position

---

[1] SEC. 722. GENERAL RELIEF—CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME.

(a) GENERAL RULE.—In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the

is that the reductions in depreciation deductions in the years 1940 and 1941 by the Commissioner, because of use of a revised rate, show that excessive depreciation had been claimed, and allowed, for the base period years 1936 to 1939; that such excessive depreciation depressed earnings below a normal standard and was thus a "factor affecting the taxpayer's business * * * resulting in an inadequate standard of normal earnings," within the language of section 722 (b) (5); and that "a fair and just amount representing normal earnings to be used as a constructive average base period net income" is to be determined by using the figures for the base period years which it computes by increasing the income of such years (by decreasing depreciation·deductions in accordance with its theory of applying the same rates used by the Commissioner in 1940–1941) and on such figures making a computation under section 713 (f), the "growth formula," as shown in the application for section 722 relief, shown above in our findings of fact. However, since that method produces $466,466.78, a result slightly greater than merely adding to the growth formula computation (under the original income figures for 1936–1939, inclusive) the $51,003.94, the average decrease of depreciation under the Commissioner's rates in 1940–1941, the petitioner is willing to limit its result to $460,627.71 (the $51,003.94 plus $409,623.77, the result of growth formula computation on the original actual income figures for 1936–1939) instead of $466,466.78.[2]

The petitioner has the right, under section 722 (b) (5), to show that its average base period net income is an inadequate standard of normal earnings because of some "factor affecting the taxpayer's busi-

purposes of an excess profits tax based upon a comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. In determining such constructive average base period net income, no regard shall be had to events or conditions affecting the taxpayer, the industry of which it is a member, or taxpayers generally occurring or existing after December 31, 1939, except that, in the cases described in the last sentence of section 722 (b) (4) and in section 722 (c), regard shall be had to the change in the character of the business under section 722 (b) (4) or the nature of the taxpayer and the character of its business under section 722 (c) to the extent necessary to establish the normal earnings to be used as the constructive average base period net income.

(b) TAXPAYERS USING AVERAGE EARNINGS METHOD.—The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because—

 *          *          *          *          *          *

(5) of any other factor affecting the taxpayer's business which may reasonably be considered as resulting in an inadequate standard of normal earnings during the base period and the application of this section to the taxpayer would not be inconsistent with the principles underlying the provisions of this subsection, and with the conditions and limitations enumerated therein.

[2] The $466,466.78 is the figure used in the petitioner's application for relief. The figure used on brief is $464,475.92 due apparently to a correction. The figure $51,003.94 is corrected on brief from $51,618.51 used in the application, as appears above in the findings of fact.

ness which may reasonably be considered as resulting in an inadequate standard of normal earnings during the base period," provided the application of section 722 is consistent with the principles, conditions, and limitations of section 722 (b). If an inadequate standard for the base period is so proved, thereupon the excess profits tax (com· puted without benefit of section 722) shall be considered excessive and discriminatory. Having so demonstrated, the petitioner may then secure the benefits of section 722 (a) by further establishing a *constructive* average base period net income, consisting of "a fair and just amount representing normal earnings." *East Texas Motor Freight Lines*, 7 T. C. 579.

The question therefore arises here as to whether computation under section 713 (f) may be utilized to raise the figures for base period net income so as to demonstrate the "inadequate standard of normal earnings" required by section 722 (b) and to establish constructive average base period net income under section 722 (a).

In *Stimson Mill Co.*, 7 T. C. 1065, we had a situation where it was admitted that due to a strike in 1937 the corporate income was affected by "events unusual and peculiar in the experience of such taxpayer," within the language of section 722 (b) (1); nevertheless, we denied relief to the taxpayer for the reason that, in computing the "fair and just amount representing normal earnings to be used as a constructive average base period net income," it did not merely use the actual base period net income, adding thereto the effect of section 713 (e), but first raised the income for 1937, under section 722, because of the strike, and then computed under section 713 (e) upon the amount so obtained.

Here, the petitioner contends that, having shown that in the taxable years the respondent calculated depreciation by using a lower rate than had been used in the base period years, it has shown that depreciation deductions were excessive in the base period years and, therefore, that it has established a factor demonstrating that its "average base period net income is an inadequate standard of normal earnings."

In the *Stimson* case it was not denied, in fact was agreed, that the proof necessary for section 722 relief up to that point had been produced, that is, that in one year, due to a strike, income would, in a computation under section 722, be raised; yet, relief under section 722 was denied for the reasons to which we have above adverted. There is, therefore, a complete parallel between the stipulated proof in the *Stimson* case (of a strike adversely affecting petitioner's business) and the alleged, but denied, proof here (of change in depreciation rate in the taxable years, indicating excessive rate in the base period years). Here, just as in the *Stimson* case, the petitioner goes forward and at· tempts to establish a constructive average base period net income. It does so in precisely the same way as was done in the *Stimson* case,

except that here section 713 (f) is used to raise the base period income average, instead of section 713 (e). Here, just as in the *Stimson* case, after giving effect in the computation of average base period net income to the factor affecting business (admitted by the respondent in the *Stimson* case, but vigorously denied in this), the petitioner utilizes one of the two formulae of section 713 to raise the amount of the computation, and calls the result constructive average base period net income. Since, as in the *Stimson* case and for the reasons set forth therein, such a showing is not sufficient to establish a "fair and just amount representing normal earnings to be used as a constructive average base period net income," within the language of section 722 (a), the petitioner here also, as in that case, has failed to show a right to further relief than it was originally granted in the deficiency notice. Therein the Commissioner allowed an excess profits credit of 95 per cent of $409,623.77, which is the section 713 (f) average base period net income based on the actual and reported income in the base period. Moreover, as was true of the amount of relief allowed in the *Stimson* case, $409,623.77 is more than an average base period net income computed upon the petitioner's theory, but without application of section 713 (f) ; that is, computed upon the figures resulting from raising the net income actually determined by the taxpayer and reported by it, to the extent of the effect of application of petitioner's theory of decreasing depreciation deductions in the base period years, because they were decreased in the taxable years. Such changed and increased figures on petitioner's theory are as follows:

| | |
|---|---:|
| 1936 | $37, 786. 12 |
| 1937 | 340, 303. 17 |
| 1938 | 466, 466. 78 |
| 1939 | 384, 798. 50 |
| Average | 307, 338. 64 |

The average, $307,338.64, is the average base period net income, *on petitioner's theory*, up to the point of applying section 713 (f). Therefore, we see, since this figure is less than $409,623.77, that, just as in the *Stimson* case, the petitioner has shown no right to relief under section 722, because without the further assistance of section 713 (f) to raise the "actual" base period average, such average is less than already allowed by the Commissioner, who has allowed, as he must, the benefit of section 713 (f) to be added to the original income figures. Even if we assume then, without deciding, that petitioner has proven a right to use in the base period the depreciation rate used by the Commissioner in the taxable period, it has shown no right to relief; for it is apparent that a showing that average base period net income is an "inadequate standard of normal earnings," resulting in excessive dis-

criminatory tax, is not made by the alleged "factor affecting the taxpayer's business," introduced by the petitioner, when, without adding the effect of section 713 (f) the result is less relief than already allowed. Such a factor is not one "reasonably to be considered as resulting in an inadequate standard of normal earnings during the base period," within the words of section 722 (b) (5). It is apparent also, for the reasons set forth in the *Stimson* case, that such use of section 713 (f) sets up no "fair and just amount representing normal earnings," which is, under section 722 (a), to be used as a constructive average base period net income, but sets up only a statutory computation. It is immaterial that the petitioner does reduce, by a small amount, the full effect of applying section 713 (f) to its increased base period average, for as above seen, the petitioner is not entitled to use that section at all upon figures already increased upon its theory, and without such use the relief already afforded, in the deficiency notice and after applying section 713 (f) to the actual income, is far greater, for 95 per cent credit is based upon $409,623.77, while petitioner's theory, without the assistance of section 713 (f), produces only $307,-338.64. We hold, therefore, that the petitioner has not shown itself entitled to relief under section 722.

This conclusion renders it unnecessary to consider the respondent's contentions that petitioner's relief should be based upon section 734, that in relying upon the change in depreciation rates in the taxable years the petitioner, contrary to the provisions of section 722 (a), was relying upon an event or condition after December 31, 1939, and that the fact that depreciation rates were lowered in the taxable years is no proof that they were improper, either in those years or in the base period years.

Reviewed by the Special Division.

> *Decision will be entered that the petitioner is not entitled to relief under section 722, and that there is a deficiency in the amount determined by the Commissioner.*