DOWD-FEDER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7793. Promulgated February 24, 1948.

*M. R. Schlesinger, Esq.,* for the petitioner.
*Lawrence R. Bloomenthal, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The respondent determined a deficiency of $7,885.51 in income tax and an overassessment of $6,552.18 in excess profits tax for the year 1941. Taxpayer alleges as error that:

1. In arriving at the excess profits credit for 1942 and resultant unused excess profits credit carry-back to 1941, the Commissioner erred in holding that the application of the so-called "75% rule" under Internal Revenue Code Section 713 (e) (1) precludes allowance for relief under Section 722.

2. The Commissioner erred in refusing to permit reconstruction of 1939 excess profits net income in arriving at the excess profits credit for 1942, and resultant carry-back of unused excess profits credit in 1941.

3. In calculating the carry-back to 1941 of the 1942 unused excess profits credit, the Commissioner erred in computing the excess profits credit for 1942 at only $58,620.59, rather than at $66,098.02, which latter figure is arrived at by applying both the "75% rule" under Section 713 (e) (1) to the base year 1938 and the reconstructed excess profits net income of $88,338.43 to the base year of 1939 (that reconstructed excess profits net income figure of $88,338.43 for 1939 having been recognized by the Commissioner in allowing excess profits credit for years prior to 1942—as set out in Paragraphs (4) and (5) above.)

The facts were stipulated as follows:

The petitioner is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. Petitioner's income and excess profits tax returns for the years 1941 and 1942 were duly and timely filed with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland, Ohio.

During the entire period from January 1, 1936, to and including December 31, 1939, and continuously thereafter until the present date, the petitioner has been a distributor of and a dealer in Chrysler and Plymouth automobiles, manufactured by the Chrysler corporation. From October 6 to November 28, 1939, all manufacturing operations of the Chrysler corporation were interrupted by a strike at its factories. As a result of the strike, deliveries of new cars to dealers were curtailed. Petitioner's normal operations and sales during the months of October, November, and December, 1939, were interrupted because it was unable to purchase its normal requirements of new cars. This strike and the diminished operations resulting from it were events unusual and peculiar in the experience of the petitioner. On January 20, 1944, the petitioner duly filed on Form 991, applications for relief under section 722 of the Internal Revenue Code, relating to its calendar years 1941 and 1942, with the Commissioner of Internal Revenue at Washington, D. C.

Information submitted by the taxpayer has established that, as a result of the Chrysler strike and the resulting interruption of its

normal business, its actual earnings for 1939 in the amount of $63,151.29 were abnormally low and that its actual average base period net income is an inadequate standard of normal earnings under the provisions of section 722 (b) (1) of the Internal Revenue Code.

Petitioner's excess profits tax return for the calendar year 1941 disclosed a total liability for excess profits tax in the amount of $62,-291.18, which has been assessed and paid. Petitioner's excess profits tax return for the calendar year 1942 disclosed no liability for excess profits tax because it showed a deficit in excess profits net income for that year of $29,894.40 after deducting, from an excess profits net income of $33,544.69, the specific exemption of $5,000 and an excess profits credit based on income of $58,439.09.

On January 30, 1945, the Commissioner issued a statutory notice in which it was determined that there was a deficiency in income tax liability of the petitioner for the taxable year ended December 31, 1941, in the amount of $7,885.51 and that there was an overassessment of excess profits tax liability for that taxable year in the amount of $6,552.18. In making such determination, the petitioner's application for relief for 1941 under section 722 filed on January 20, 1944, was partially allowed in the amount of $2,990.97 and disallowed to the extent of $1,933.51.

The Commissioner has determined and the petitioner now agrees that the amount of $61,010.60 represents a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purpose of excess profits credit for the year 1941 only under the provisions of section 722 of the Internal Revenue Code.

On April 30, 1943, the petitioner filed a claim for refund on Form 843 for the year 1941 in the amount of $10,313.57 under the provisions of section 710 (c) of the code, in which it was contended that the petitioner is entitled to an excess profits credit carry-back of the unused excess profits credit for the year 1942 in the amount of $29,894.40. The computation of tax liability submitted with that claim indicated an overassessment of excess profits tax for the year 1941 of $14,947.20 and a deficiency of income tax for the year 1941 of $4,633.63, or a net overassessment of $10,313.57. In the aforesaid claim for refund on Form 843 for the year 1941, petitioner contends that the excess profits credit for the year 1942 should be based on the constructive average base period net income determined under section 722 after applying the so-called 75 per cent rule provided for in section 713 (e) (1) of the Internal Revenue Code. Using this basis of computation, the petitioner contends on Form 843 that the allowable credit for 1942 should be $66,098.02. The Commissioner denied this contention, and the claim

for refund on Form 843 was disallowed in the above notice of deficiency dated January 30, 1945.

In computing its excess profits tax for the taxable years involved herein, the petitioner is entitled to use an excess profits credit based upon net earnings within the base period years of 1936 through 1939, in accordance with section 713 of the Internal Revenue Code, as amended.

The Commissioner admits that petitioner's earnings for 1939 (prior to taxes) should be reconstructed under section 722 from the actual amount of $63,151.29 to the reconstructed amount of $88,338.43, and the excess profits credit for 1942 could then be computed as follows:

| | | |
|---|---:|---:|
| 1936—Actual excess profits net income | | $91,482.74 |
| 1937— " " " " " | | 57,183.82 |
| 1938— " " " " " | | 7,037.39 |
| 1939— " " " " " | $63,151.29 | |
| Add adjustment under section 722 | 25,187.14 | |
| | | 88,338.43 |
| Aggregate | | 244,042.38 |
| Constructive average base period net income | | 61,010.60 |
| 95 per cent of constructive average base period net income | | 57,960.07 |
| Less net capital reduction—$18,689.37 x 6 per cent | | 1,121.36 |
| Excess profits credit | | 56,838.71 |

The petitioner contends that in addition to the adjustment computed by the Commissioner as the proper amount of relief under section 722, as shown above, its excess profits credit for 1942 should be computed by the addition of an increase in the excess profits net income for the year 1938 under section 713 (e) (1). Petitioner computes its credit for 1942 as follows:

| | |
|---|---:|
| Aggregate base period net income after adjustment under section 722 | $244,042.38 |
| Add increase in year 1938 under 75 per cent rule, section 713 (e) (1) | 52,213.86 |
| Total | 296,256.24 |
| Constructive average base period net income | 74,064.06 |
| 95 per cent of constructive average base period net income | 70,360.86 |
| Less 6 per cent capital reduction | 4,262.84 |
| Excess profits credit | 66,098.02 |

The petitioner agrees that, unless it is entitled to the adjustments claimed under section 713 (e) (1) for the base period year 1938, it is not entitled to any further constructive adjustments to actual earnings for the base period years 1936, 1937, and 1938, under section 722 of the code as it is presently constituted.

The excess profits credit for 1942, computed without regard to section 722 by using only the actual excess profits net income of the

petitioner for the base period years, automatically increases excess profits net income for the year 1938 under the provisions of section 713 (e) (1) and gives the benefits of the so-called 75 per cent rule to the petitioner. The excess profits credit for 1942, computed without regard to section 722, is as follows:

| | |
|---|---|
| Actual excess profits net income for 1936 | $91,482.74 |
| "      "      "      "      "      " 1937 | 57,183.82 |
| "      "      "      "      "      " 1938 | 7,037.39 |
| Increase under section 713 (e) (1) for 1938 | 45,917.07 |
| Actual excess profits net income for 1939 | 63,151.29 |
| Total | 264,772.31 |
| Average | 66,193.08 |
| 95 per cent of average | 62,883.43 |
| Less 6 per cent of capital reduction | 4,262.84 |
| Excess profits credit | 58,620.59 |

Since the excess profits credit of $58,620.59 determined by averaging actual base period net income adjusted as to the year 1938 under section 713 (e) (1) is greater than the excess profits credit computed by the use of an average based on actual excess profits net income for 1936, 1937, and 1938 and excess profits net income for 1939 reconstructed under section 722, relief under section 722 for the year 1942 has been denied.

The petitioner agrees that, if it is not entitled to relief under section 722 of the code in addition to the benefits provided by section 713 (e) (1) in computing the excess profits credit for the year 1942, the proposed deficiency and overassessment as set forth in the notice of deficiency dated January 30, 1945, are correct and have been properly determined by the respondent.

If, as the petitioner contends, it is entitled to compute its excess profits credit for the taxable year 1942 by using sections 722 and 713 (e) (1) of the code, then it is agreed that petitioner's excess profits credit is to be computed in the manner specified in paragraph 7 (b) of the stipulation and that petitioner's excess profits liability for such year and for the year 1941 is to be recomputed under Rule 50 of the Court's rules of practice.

This case has been considered in its entirely by the Excess Profits Tax Council of the Bureau of Internal Revenue, Washington, D. C., which, under date of January 16, 1947, has sustained the original determination set forth in the statutory notice of deficiency dated January 30, 1945.

The question presented on the above facts is, as stated by the petitioner:

Is petitioner entitled to apply the so-called 75% rule provided by Section 713 (e) (1) to the year 1938 and to reconstruct its excess profits net income for the year 1939 under Section 722 (a)?

As stated by the respondent, the question is:

Where the excess profits credit computed by using average base period net income reconstructed under Section 722 is less than the credit resulting from the application of the 75% rule under Section 713 (e) (1) to the actual base period net income, is the taxpayer entitled to relief under Section 722 in addition to the benefits of Section 713 (e) (1)?

On brief, "Petitioner frankly admits that the issue now before this Court has been determined adversely to it in *Stimson Mill Company* v. *Commissioner*, 7 T. C. 1065 (1946)." The *Stimson* case was affirmed by the Circuit Court of Appeals for the Ninth Circuit, 163 Fed. (2d) 269; certiorari denied, 332 U. S. 824; rehearing denied, 332 U. S. 839. Petitioner, however, contends that the cited case was wrongly decided and makes an elaborate argument in support of its position.

Respondent relies on *Stimson Mill Co.*, *supra*, and *Homer Laughlin China Co.*, 7 T. C. 1325.

We have given assiduous attention to petitioner's argument, but find ourselves unconvinced thereby. On authority of the cited cases, we affirm respondent.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*