ACME BREWERIES, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 11156. Promulgated November 24, 1950.

*Norman A. Eisner, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, and *William J. Stetter, Esq.*, for the respondent.

#### SUPPLEMENTAL OPINION.

TIETJENS, *Judge:* The necessity for a supplemental opinion results from petitioner's disagreement with respondent's revised computation submitted herein under Rule 50.

In making his computation, respondent interpreted the Court's opinion as denying petitioner any relief under section 722, except that stipulated by the parties with reference to petitioner's yeast business. Accordingly, the Commissioner simply adjusted petitioner's excess profits net income for the period in question to reflect the stipulated increase in normal earnings of the yeast business and thus found an average base period net income of $646,285.81. Since this figure was less than the average base period net income figure of $674,843.55 found by applying section 713 (f) to actual income the result was less relief than already allowed. Thus interpreted, the opinion conferred no benefit on petitioner.

Petitioner, thinking it had won something under the Court's opinion, naturally complains. In its essentials, petitioner's argument is; (1) that it is entitled to section 722 relief, (2) that in arriving at the constructive average base period net income the two segments of the business are to be separately treated, (3) that this is to be effected by giving the yeast segment of the business the benefit of the stipulated reconstruction of net income and by giving the beer segment the benefit of the growth formula of section 713 (f), and (4) that such a reconstruction will afford petitioner greater relief than a straight application of section 713 (f) as determined by the Commissioner.

The Commissioner's understanding of the opinion is correct. The petition presented a number of standard issues in addition to the issues under section 722. These standard issues were stipulated prior to trial. Relief under section 722 was also stipulated as to the yeast segment of petitioner's business. The issue that went to trial was whether petitioner was entitled to claimed relief under section 722 in regard to its beer business. This issue was determined against petitioner and a Rule 50 computation directed.

Despite counsel's astute argument to the contrary, we think petitioner's proposed computation would afford a combined relief under both section 722 and section 713. Fundamentally, it seeks to take advantage of section 722 for its yeast business and 713 (f) for its beer

business to arrive at a reconstructed income for its entire business. This it cannot do for there is a statutory prohibition against using both sections which are mutually exclusive. *Stimson Mill Co.*, 7 T. C. 1065, affd., 163 Fed. (2d) 269, certiorari denied, 332 U. S. 824: *Dowd-Feder, Inc.*, 10 T. C. 345, affd., 173 Fed. (2d) 673; *Homer Laughlin China Co.*, 7 T. C. 1325. Petitioner seeks to avoid the effect of these cases by arguing that its computation does not actually employ section 713 (f), but simply makes use of the "principle underlying" that section for the growth formula in reconstructing income under section 722. This seems to pass over actualities.

The respondent's revised computation is approved.

Reviewed by the Special Division.

> *Decision will be entered in accordance with respondent's revised computation.*